**STATE, ex rel. MASTERSON, Relator, v. OHIO STATE RACING COMMISSION et, Respondents.**

Ohio Appeals, Second District, Franklin County.

No. 4808.   Decided July 24, 1952.

George J. McMonagle, Robert E. Sweeney, Edward J. Beran, Cleveland, for relator.

C. William O'Neill, Atty. Genl., Hugh A. Sherer, Asst. Atty. Genl., Columbus, for respondents.

Charles A. Schwenker, Columbus, for Beulah Park Jockey Club, Inc.

**OPINION**

By THE COURT.

Submitted on motion of the respondents seeking an order allowing oral argument on the demurrer which has been filed to the petition. The relator consents to the same and since the issues presented involve the legality of "The Horse Racing Act" in which there is a great public interest, the motion will be sustained.

Beulah Park Jockey Club, Inc., also moves that it be made a party defendant with right to plead. We are of the opinion that it has shown such an interest in the litigation as to entitle it to the relief sought. See §§11239, 11255 and 11262 GC. This motion is also sustained.

Beulah Park Jockey Club, Inc., will be given until August 8, 1952, to plead or file briefs in support of the demurrer of respondents to the petition.

HORNBECK, PJ, WISEMAN and MILLER, JJ, concur.

**ON MOTION TO SEEK AN ORDER**

No. 4808. Decided August 12, 1952.

George J. McMonagle, Robert E. Sweeney, Edward J. Beran, Cleveland, for relator.

C. William O'Neill, Atty. Genl., Hugh A. Sherer, Asst. Atty. Genl., Columbus, for respondents.

Charles A. Schwenker, Columbus, for Beulah Park Jockey Club, Inc.

Gottfried, Ginsberg & Guren, Cleveland, for Cleveland Raceways, Inc.

Morton M. Stotter, Cleveland, for Painesville Raceway, Inc.

**OPINION**

By THE COURT.

Submitted on application of Cleveland Raceways, Incor-

porated and Painesville Raceway, Inc., seeking an order to be made parties defendant for the reasons that interests adverse to the plaintiff are claimed. The application will be allowed in accordance with §11255 GC and leave is granted to plead within 15 days from the date of the entry journalizing this decision.

HORNBECK, PJ, WISEMAN and MILLER, JJ, concur.

## AN ACTION FOR AND ON BEHALF OF THE STATE

No. 4808. Decided September 19, 1952.

George J. McMonagle, Robert E. Sweeney, Edward J. Beran, Cleveland, for relator.

C. William O'Neill, Atty. Genl., Hugh A. Sherer, Asst. Atty. Genl., Columbus, for respondents.

Charles A. Schwenker, Columbus, for Beulah Park Jockey Club, Inc.

Gottfried, Ginsberg & Guren, Cleveland, for Cleveland Raceways, Inc.

Morton M. Stotter, Cleveland, for Painesville Raceway, Inc.

Howard R. Hirsch, Cleveland, for Aurora Downs, Inc.

Critchfield, Critchfield, Critchfield & Johnson, Wooster, for Standardbred Owners Assn.

Robert O. Read, Columbus, for The Horsemen's Benevolent & Protective Assn.

John D. Connor, Charles E. Connor, Jr., Columbus, for The Delaware Fair Society.

### OPINION

By MILLER, J.

This is an action instituted by Charles P. Masterson, a taxpayer, for and on behalf of the State of Ohio and all of its citizens and taxpayers.

The respondents are the Ohio State Racing Commission and its four members who are empowered by §1079-1 GC, et seq. to prescribe and promulgate the rules, regulations and conditions under which horse racing shall be conducted in the State of Ohio; also to issue horse racing permits specifying, among other things, the date or dates and the track where the said racing may be conducted. The petition alleges that the respondents have or "will attempt to authorize or permit horse racing for a stake, purse or award with pari-mutual or certificate type of wagering, contrary to law" in certain specified particulars.

A writ of prohibition is sought "enjoining the respondents

from any manner authorizing, permitting or issuing any permits for the conducting of horse racing for a stake, purse or award with pari-mutual or certificate type of wagering at tracks within thirty miles of each other on the same date or dates; that any permit or permits heretofore issued illegally by the said respondents be forthwith revoked, cancelled and annulled, and that the respondents be temporarily and permanently enjoined and prohibited from authorizing, permitting or licensing the operation of a lottery in violation of the Constitution of the State of Ohio."

A demurrer to the petition has been interposed by the Ohio Racing Commission which has been joined in by other defendants who were granted leave to enter their appearance because of a community of interest. The grounds set forth are the following:

1. The petition does not set forth facts which state a cause of action.

2. It appears on the face of the petition that this Court does not have jurisdiction of the subject of the action.

3. The plaintiff is not a proper party to the action.

The first and second grounds were set forth in the original demurrer filed by the Racing Commission, and the third ground is an additional one interposed by the defendant, Aurora Downs, Inc.

The first question to be considered will be whether or not this action can be maintained by a taxpayer. **Sec. 11241 GC** requires that an action be prosecuted in the name of the real party in interest with certain exceptions noted and which are not applicable to the case at bar. The provision is mandatory requiring the real party in interest, with the exceptions noted, to bring the action. **Hall v. Plaine, 14 Oh St 417.** The petition discloses that this plaintiff as a taxpayer seeks to invoke a writ of prohibition on behalf of the State of Ohio and all of its citizens and taxpayers. The general principle of unavailability of such a remedy under the facts presented is set forth in 42 Amer. Jur. Section 40, pp. 174, 175:

"* * * But in the United States, even in the absence of a statute controlling the matter, it seems that the court to which applicaion is made by a stranger for a writ of prohibition has discretion to refuse it on that ground. In the Supreme Court of the United States, leave to file a petition for the writ will be denied to a stranger to the record and the decree, where he has only a general interest in the matters sought to be prohibited. * * * A taxpayer who is without any other interest has, however, been held not to be beneficially interested."

In **State, ex rel. Shafer v. Merrell, et al., 44 Oh Ap 347,** this Court held that a taxpayer in order to enjoin officials from carrying out a highway contract must show that an injury will result to him, and that he has no other adequate remedy. The same legal principle was again set forth in **Harnett v. Edmonston, 44 Oh Ap 304.** As stated before, the relief sought by the relator is an order prohibiting the Racing Commission from issuing certain racing permits and cancelling permits that have been illegally granted. Now what interest has this plaintiff shown that he possesses in the relief sought? The fact that he is a taxpayer seems to be entirely foreign to the cause of action. It is true that in his amended petition, which the Court will permit to be filed, he alleges that the Commission in the exercise of its duties makes certain expenditures of public funds. In order to prevent this expenditure, if illegal, injunction proceedings are the proper remedy and not prohibition. The writ of prohibition is a high prerogative writ, an extreme remedy to be issued only in cases of extreme necessity because of absence or inadequacy of other remedies and then only when the right thereto is clear. **32 O. Jur. p. 566, Section 5.**

In **State, ex rel. Harrison, a taxpayer, v. Perry, 113 Oh St 641,** the first syllabus provides:

"A writ of prohibition will not issue when a plain adequate remedy, either in law or in equity, is available to the applicant."

As we view the matter set forth in the petition the plaintiff is seeking the relief upon one or both of the following grounds: (1) To prevent the enforcement of an illegal law; or, (2) To prevent an illegal expenditure of public funds. As to the first ground enumerated he, as a taxpayer, is not a proper party. The general principle applicable is well set forth in **8 O. Jur. p. 178, Section 75** as follows:

"It is a firmly established principle that an individual who is not affected or prejudiced by the enforcement of an act may not question its constitutionality. Only those directly interested may question its validity. In fact, the courts will not enter upon an inquiry into the validity of a law which invades no right of person or property of the party who invites the inquiry."

If he seeks relief because of an alleged illegal expenditure of public funds other remedies are available and therefore prohibition does not lie.

The demurrer will be sustained.

HORNBECK, PJ, WISEMAN, J, concur.